**Paul J. PINCKARD, Plaintiff–Appellant**

v.

**METROPOLITAN GOVERNMENT OF NASHVILLE and Davidson County, Tennessee, Defendant–Appellee**

No. 00–5117.

United States Court of Appeals, Sixth Circuit.

Jan. 10, 2001.

Before MERRITT and COLE, Circuit Judges; and HOOD,\* District Judge.

MERRITT, Circuit Judge.

In this appeal presented to the Court on briefs by consent of the parties, the Court affirms the judgment of the District Court. As set out in the District Court opinion beginning on page 130 of the Appendix, the plaintiff has an impairment called "syncope" which causes him from time to time to become dizzy and faint. While working for the defendant as a police officer, plaintiff fainted in March of 1998 while on the job attending court and again in May of 1998 while riding in a police car. He was discharged from his employment because he falsely answered questions prior to his employment. He stated, "No," that he had not had any dizziness or fainting spells or epilepsy seizures and answered, "No," that he did not have any condition that may interfere with his ability to perform the job of police officer. The record shows that he had experienced similar dizziness problems prior to his employment and had experienced an epileptic seizure. He did not disclose these problems and hence gave false answers. The defendant fired him for the offense of making false statements.

We conclude that this reason for terminating the plaintiff is a legitimate reason about which there is not a material dispute of fact. Hence the judgment of the District Court may be, and is hereby, affirmed on this ground. The Court reaches no conclusion on the question of whether the plaintiff has a "disability" within the meaning of the American with Disabilities Act, 42 U.S.C. § 12112(a), which prohibits employment discrimination "against a qualified individual with a disability." In view of our conclusion that the defendant did not violate the ADA in terminating the plaintiff for making false statements at the time of his employment, we do not reach the legal question of what constitutes such a disability.